UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOSEPH FLORES,

    Plaintiff,

vs.

2K CLEVELANDER, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, JOSEPH FLORES, brings this action against Defendant, 2K CLEVELANDER, LLC ("Clevelander"), and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages brought by Plaintiff, Joseph Flores, against Defendant, 2K Clevelander, LLC, under, *inter alia*, the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"); Fla. Stat. § 448.110; the Florida Minimum Wage Amendment (Article X, Section 24 of the Florida Constitution); and common law. Jurisdiction is proper and is conferred on this Court by, *inter alia*, 28 U.S.C. §1331. Venue is proper because the events giving rise to this claim arose in this Judicial District.

### COMMON ALLEGATIONS

2. At all times material hereto, Plaintiff, Joseph Flores, was a Florida resident and resident of this Judicial District and an "employee" of Defendant as defined by the applicable law referenced herein.

3. At all times material hereto, Defendant, 2K Clevelander, LLC ("Clevelander"),

was a Florida limited liability company with its principal place of business in South Florida in this Judicial District at or about 1020 Ocean Drive, Miami Beach, FL 33139, engaged in commerce in the field of restaurant, bar, and hotel operations, at all times material hereto was the "employer" of Plaintiff as that term is defined under the applicable law referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of Five Hundred Thousand ($500,000.00) Dollars or more.

4. In justifiable reliance upon Defendant's representations and promises, Plaintiff accepted employment and began working for Defendant providing hospitality services on or about March 5, 2014. The work performed by the Plaintiff was directly essential to the business performed by Defendant.

5. Joseph Flores worked for the Clevelander. It was specifically agreed and understood that the Plaintiff would be paid $7.93 per hour.

6. Joseph Flores would be paid at an hourly rate except that for special events Joseph Flores was promised that he and the other workers would equally share no less than 22% of total billing for each respective event. The Defendant accepted the benefits of Plaintiff's labor.

7. The records, if any, concerning the exact date range of Plaintiff's employment, the number of hours Plaintiffs actually worked, and the compensation actually paid to Plaintiff are in the possession and control of Defendant. Defendant did not pay Plaintiff the full and proper overtime wages throughout his employment.

8. Defendant has knowingly, willfully, and improperly refused to pay Plaintiff his legally entitled wages. Plaintiff was not paid at all for a significant amount of time worked despite having full knowledge of and being notified of same by Plaintiff. Defendant was fully aware that it was not properly paying Joseph Flores. The Defendant intentionally and willfully

hid this fact.

9. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

10. Plaintiff has retained the services of the undersigned to represent him in this action and is obliged to pay for the legal services provided.

11. In addition to his normal hourly pay, Plaintiff was promised an equal share with other workers of no less than 22% of total billing for Special Events. Plaintiff was paid a flat hourly rate for these Special Events despite being promised no less than 22% of the total billing, including but not limited to the Special Events at the 'April 2014 Marlins Beer Fest', the 'May 2014 Marlins Beer Fest', and the 'June 2014 Marlins Beer Fest', depriving Plaintiff of significant earnings.

12. Joseph Flores was told he could *only* 'clock in' *after* doing preparation work and that *after* 'clocking out' he had to do additional work, depriving his of hundreds of hours of pay.

13. The Defendant failed to pay the Plaintiff for the services provided on every day that Plaintiff worked from about March 5, 2014 to or about June 25, 2014.

## COUNT I: FLSA VIOLATION

14. Plaintiff re-alleges Paragraphs 1 through 13 as if fully set forth herein.

15. At all times material hereto, Plaintiff was an employee of Defendant protected by the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201-219, and Defendant was an employer of Plaintiff subject to the FLSA, as each are defined under the FLSA.

16. Defendant is covered by the FLSA's Enterprise Coverage.

17. Defendant failed to pay Plaintiff overtime due pursuant to the FLSA as described in part in Section 7(a)(1) of the FLSA.

18. For every work day between March 5, 2014 to June 25, 2014, Joseph Flores was told he could only 'clock in' *after* doing preparation work and that *after* 'clocking out' he had to do additional work, amounting to approximately three hours of unpaid work per work day.

19. The Defendant failed to pay Plaintiff for the work he was required to do before 'clocking in' and the work he was required to do after 'clocking out' on every day worked by Flores between March 5, 2014 and June 25, 2014.

20. The Clevelander improperly availed itself to an FLSA "tip credit" by requiring Joseph Flores and other servers to share a percentage of the tips with the restaurant's Barbacks and Servers.

21. Joseph Flores worked at least an average of 55 hours a week, but was compensated for far less.

22. Joseph Flores is owed approximately $6,939.80 in total unpaid minimum wages.

23. Joseph Flores regularly worked more than 40 hours per week but was paid 'straight time' instead of a rate of 1.5 times the minimum wage. Between March 5, 2014 to June 25, 2014, Joseph Flores worked an average of 55 hours a week but was not paid for hours worked above 40 hours a week.

24. Joseph Flores is owed for approximately 30 hours of unpaid overtime for each pay period from or about March 5, 2014 to June 25, 2014.

25. Plaintiff claims the higher of the time and a half rate of his hourly wage or the applicable minimum wage as much as allowed by law for each overtime hour worked. Thus, Joseph Flores is owed a significant sum in overtime compensation during the applicable statute of limitations period in addition to the full minimum wages owed.

26. Plaintiff should have been compensated at the rate of one and one-half times

Plaintiff's regular rate for the hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

27. Defendant's actions constitute a willful violation of the FLSA.

28. Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the Fair Labor Standards Act, as Defendant knew of the overtime requirement of the Fair Labor Standards Act and intentionally and recklessly failed to comply with same.

**WHEREFORE**, the Plaintiff demands Trial by Jury; judgment against the Defendant for damages suffered as a result of the alleged lost earnings; liquidated damages if applicable; other damages together with all taxable court costs, attorneys' fees, and prejudgment interest if applicable; and such other relief as the Court may deem just and proper.

## COUNT II: FLORIDA UNPAID WAGE VIOLATION

29. Plaintiff re-alleges Paragraphs 1 through 13 as if fully set forth herein.

30. At all times material hereto, Joseph Flores was an employee of the Clevelander, as defined under, and protected by, *inter alia*, Fla. Stat. § 448.110, and the Florida Minimum Wage Amendment (Art. X, § 24, Fla. Const.) and the Clevelander was an employer of Joseph Flores as defined under, and subject to, same.

31. Defendant willfully failed to pay Plaintiff the Florida Minimum Wage for all hours worked in violation of Art. X. § 24, Fla. Const.

32. Defendant failed to properly compensate Plaintiff for Special Events. This constituted a Florida unpaid wage violation, subject to Chapter 448, et. Seq., including Fla. Stat. § 448.08.

33. The Defendant recklessly, willfully, and improperly denied Joseph Flores proper compensation. The Defendant willfully used procedures, including forcing Joseph Flores to

clock in only after completing work and clocking out prior to finishing work, in order to pay Joseph Flores less than he was owed. The Defendant knew full well that it was paying Joseph Flores less than he was owed and intended to underpay him.

34. The Clevelander improperly availed itself to a "tip credit" by requiring Joseph Flores and other servers to share a percentage of the tips with the restaurant's Barbacks and Servers.

35. Joseph Flores worked at least an average of 55 hours a week, but was compensated for far less.

36. The Defendant failed to pay Plaintiff for the work he was required to do before 'clocking in' and the work he was required to do after 'clocking out' on every day worked by Plaintiff between March 5, 2014 to June 25, 2014.

37. Joseph Flores is owed approximately $6,939.80 in total unpaid minimum wages.

38. Joseph Flores regularly worked more than 40 hours per week but was paid 'straight time' instead of a rate of 1.5 times the minimum wage. Between March 5, 2014 to or about June 25, 2014, Joseph Flores worked an average of 55 hours a week but was not paid for hours worked above 40 hours a week. Plaintiff claims the higher of the time and a half rate of his hourly wage or the applicable minimum wage as much as allowed by law for each overtime hour worked. Thus, Joseph Flores is owed a significant sum in overtime compensation during the applicable statute of limitations period in addition to the full minimum wages owed.

39. Joseph Flores is owed for approximately 30 hours of unpaid overtime for all pay periods between March 5, 2014 and June 25, 2014.

**WHEREFORE**, the Plaintiff demands Trial by Jury; judgment against the Defendant for damages suffered as a result of the alleged lost earnings; liquidated damages if applicable; other

damages together with all taxable court costs, attorneys' fees, and prejudgment interest if applicable; and such other relief as the Court may deem just and proper.

### COUNT III: BREACH OF EMPLOYMENT AGREEMENT

40. Plaintiff re-alleges Paragraphs 1 through 13 as if fully set forth herein.

41. Plaintiff and Defendant negotiated an agreement for performance of bartending and related services.

42. Plaintiff offered to: perform bartending and other services at the Clevelander hotel and at various events in exchange for payment for said services.

43. Defendant accepted Plaintiff's offer to perform bartending and other services at the Clevelander hotel and at various events. Plaintiff promised performance in exchange for Defendant's promise of payment. Defendant and Plaintiff formed an agreement.

44. A contract for performance of bartending and other services at the Clevelander hotel and at various events existed between Plaintiff and Defendant ("Contract"). This Contract and terms of same are in the possession of Plaintiff.

45. Plaintiff fully performed and/or substantially performed services pursuant to the Contract.

46. Pursuant to the Contract, Defendant owed Plaintiff a substantial sum.

47. Defendant failed to pay Plaintiff for the services provided.

48. Defendant breached the Contract by failing to pay Plaintiff for the services provided.

49. Damages resulted from Defendant's breach of the Contract.

**WHEREFORE**, the Plaintiff demands Trial by Jury; judgment against the Defendant for damages suffered; liquidated damages if applicable; other damages together with all taxable

court costs, attorneys' fees, and prejudgment interest if applicable; and such other relief as the Court may deem just and proper.

## COUNT IV: UNJUST ENRICHMENT

50. Plaintiff re-alleges Paragraphs 1 through 13 as if fully set forth herein.

51. Plaintiff performed services for the Defendant, and Defendant has knowledge of the services performed for the Defendant by Plaintiff.

52. Defendant has voluntarily accepted and retained the benefit conferred by the services of Plaintiff.

53. Defendant has failed to pay for services and has been unjustly enriched.

54. The circumstances are such that it would be inequitable for the Defendant to retain the benefit without paying the value thereof to the Plaintiff.

**WHEREFORE**, the Plaintiff demands Trial by Jury; judgment against the Defendant for damages suffered; liquidated damages if applicable; other damages together with all taxable court costs, attorneys' fees, and prejudgment interest; and such other relief as the Court may deem just and proper.

Dated this 23rd day of September, 2016

               PAUL A. SACK, P.A.
               1130 Washington Avenue, Suite 3
               Miami Beach, Florida 33139
               Telephone: 305-397-8077
               Facsimile:  305-763-8057

By: /s/ PAUL A. SACK, ESQ.
   FBN: 363103
   Primary: ps1619@bellsouth.net
   Secondary: sackpaul@yahoo.com
   R. BRANDON DEEGAN, ESQ.
   FBN: 117368
   Primary: rbdeegan@gmail.com